IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY ANN NIETO,

      Plaintiff,

v.                                          No. 1:23-cv-00705-GJF

DIANE B.,
SHERRIE B.,
JERRALLYN B.,
"MINNIE," and
DIANE GALLEGOS,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 22, 2023 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 22, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $934.00; (ii) Plaintiff's monthly expenses total $850.00 (*see* Complaint at 2); and (iii) Plaintiff has $0.00 in cash and no funds in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses are approximately equal to her low monthly income.

**The Complaint**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." The Complaint contains allegations regarding: (i) Plaintiff's medical records are "not mine;" (ii) human trafficking; (iii) the justice system and other persons are "paid off;" (iv) Plaintiff's son was "killed electronically;" (v) there are "many mic[rophones] in my studios;" (vi) identity theft; (vii) "Many elect. harr. weapons inserted into my body w/out my consent;" (viii) insurance and credit card fraud; (ix) "inserting weapons into my head to forget

who I am and forget their crimes;" (x) "my 8 mo. old granddaughter has weapons inserted into her head also;" and (xi) "women missing, killed by Dave, Manny, Pete."  Complaint at 4-6.

The Complaint generally fails to state a claim upon which relief can be granted because it does not allege, among other things, when Defendants did the various alleged acts to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Complaint fails to state a civil rights claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint does not contain any factual allegations showing that Defendants were acting under color of state law.  The Complaint also does not explain which specific legal rights Plaintiff believes each Defendant violated.  *See Nasious*, 492 F.3d at 1163.

It also appears that Plaintiff may be asserting claims on behalf of other persons.  *See* Complaint at 3, 6 (referring to "All family members," "every person who rented at four hills studios past 2 ½ years," "alleged acts on Plaintiff's son, her granddaughter and missing women). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also*

*Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

4

**Case Management**

>Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

>**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 22, 2023, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**